UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES ARTHUR HAROLSON,

        Plaintiff,

   v.

JIM POPE, et al.,

        Defendants.

                                                  /

NO. CIV. S-04-2128 LKK/PAN P

O R D E R

    Plaintiff, James Harolson, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. The magistrate judge recommended that this action be dismissed for failure to state a claim. For the reasons set forth in this order, the court adopts the magistrate judge's findings and recommendation.

    As the magistrate judge notes, to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant deprived him

1

of a right secured to him by the Constitution or laws of the United States while acting under color of state law. See West v. Atkins, 487 U.S. 42, 48-49 (1988). Plaintiff asserts that members of the Shasta County Marshal's and Sheriff's offices interfered with his ability to pursue a small claims action in a Shasta County Court because they did not arrive to take him to court. This court has confirmed with the Shasta County Small Claims division that plaintiff's small claims action is related to property which was allegedly stolen from him and a cash loan, and thus is not related to his conviction or his conditions of confinement.[1] Plaintiff does not have a constitutional right to pursue such an action.

The Ninth Circuit has explained that a prisoner has a right of access to the courts to litigate only claims which challenge his subsequent conviction, or concerns the conditions of a his confinement. Simmons v. Sacramento Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003)(citing Lewis v. Casey, 518 U.S. 341 (1996)).[2] Because plaintiff's small claims action is wholly unrelated to his conviction and the conditions of his confinement, plaintiff does not have a constitutional right of access to pursue such a claim.

////

////

---

[1] Plaintiff's complaint in this action does not make clear the subject of his small claims suit, requiring further investigation on the part of this court.

[2] The Supreme Court noted that "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

2

1     Accordingly, this matter is DISMISSED for failure to state a
2  claim upon which relief can be granted.
3     IT IS SO ORDERED.
4     DATED: August 4, 2005.
5
                                    /s/Lawrence K. Karlton
6                                   LAWRENCE K. KARLTON
                                    SENIOR JUDGE
7                                   UNITED STATES DISTRICT COURT
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26